Filed 10/29/13  Marriage of Feng and Wu CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re Marriage of YUE FANG FENG and FRANK WU. | B246536<br><br>(Los Angeles County<br>Super. Ct. No. BD534075) |
| YUE FANG FENG,<br><br>　　　　Appellant,<br><br>　　v.<br><br>FRANK WU,<br><br>　　　　Respondent. | |

　　　　APPEAL from an order of the Superior Court of Los Angeles County,
B. Scott Silverman, Judge.  Affirmed.

　　　　Law Offices of Steve Luan and Steve Luan for Appellant.

　　　　Law Offices of Aijun Zhang and Aijun Zhang for Respondent.

_____

This is an appeal from a family court order requiring appellant Yue Fang Feng to pay respondent Frank Wu's attorney fees in a dissolution action. Appellant argues the court erred in concluding that she could access an investment in a foreign company to pay the fees. She claims the money, while in her name, belongs to a third party. Respondent presents multiple documents demonstrating appellant's ownership of the investment. Finding the evidence sufficient to support the court's order, we affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

The parties married in 1988. They entered into a separation agreement in 1997, but lived together until 2010. In October 2010, appellant filed a petition for dissolution, although the parties dispute the precise date of separation. As the action proceeded, respondent filed an order to show cause on April 25, 2012 requesting monthly spousal support and attorney fees pursuant to Family Code section 2030.[1] He claimed appellant had sufficient funds to provide monthly support and attorney fees, including a $269,500 investment in a foreign corporation, "Shanghai Kai Pu On Wood Co. Ltd." Appellant filed her opposition on June 12, 2012. In respondent's June 20, 2012 responsive declaration, he again argued appellant could access her foreign investment.

On December 10, 2012, respondent served appellant with a third supplemental declaration in support of his earlier motion for attorney fees. It provided additional documentation of appellant's $269,500 investment, which revealed the company's true name as "Shanghai Qamples Inc. Ltd." (Shanghai Qamples). At the December 18, 2012 hearing, the trial court focused on this investment to determine appellant's ability to pay respondent's attorney fees. Her bank statements revealed multiple wire transfers to the company: $100,000 in December 2007, $61,705 in April 2008, $107,810.78 in July 2010, and $110,000 in September 2010. Respondent asserted appellant could "freely access the funds." In response, appellant claimed that she was "the investor in name only" and that it was "not [her] money." Instead, she explained, "It's a long story.

---

[1] All further statutory citations are to the Family Code, unless otherwise indicated.

2

People in China wanted to establish a company . . . .  And they wanted a tax benefit from [the] Chinese government.  So they found . . . me."  Appellant's counsel continued, "it is common practice for [a] Chinese business to get money to a United States citizen, [and] then get money back to get . . . tax benefit[s]."  As a result, appellant claims she was simply a conduit for the funds, and cannot access the money.

The trial court disagreed.  It discredited appellant's claims that the investment funds belonged to a third party seeking preferential tax treatment.  Without supporting documentation, it concluded appellant's claims during the hearing were "not evidence."  In his original filing months earlier for attorney fees, respondent had identified appellant's financial resources, including the investment in Shanghai Qamples.  Since that time, appellant had failed to produce "a single piece of paper to demonstrate that [the money is not hers], nor even a declaration."  The court continued, "She's not explaining these cash transactions.  And she's certainly not explaining the evidence that the respondent has presented in a way that's either convincing or supported by any records."  The court concluded that because the funds were in her bank account just two years earlier, and the records show her to be an owner of the company, it "suggests that she has resources available to her."  It ordered appellant to pay respondent's attorney fees of $13,000.  Appellant filed a timely notice of appeal.

## DISCUSSION

"On appeal, we review an attorney fee award under section 2030 for an abuse of discretion.  [Citation.]"  (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662.)  To the extent appellant's challenges concern the trial court's factual findings, we apply the substantial evidence standard.  (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1151.)  "On review for substantial evidence, we examine the evidence in the light most favorable to the prevailing party and give that party the benefit of every reasonable inference.  [Citation.]"  (*Ibid*.)

# I

Appellant contends the trial court abused its discretion in two respects. The first is that the court based its decision on evidence respondent presented in a declaration served too late. She claims respondent's December 10, 2012 declaration, which contains documents showing her investment in Shanghai Qamples, violates the requirement for service 16 days prior to the hearing. (See Code Civ. Proc., § 1005, subd. (b).) We disagree.

Our rules of civil procedure provide, in relevant part, "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing." (Code Civ. Proc., § 1005, subd. (b).) They continue, "All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days, and all reply papers at least five court days before the hearing." (*Ibid.*)

Respondent served his third supplemental declaration on appellant on December 10, 2012. It attaches documents showing that appellant has sufficient funds to support an order to pay respondent's attorney fees. A Shanghai Qamples contract lists appellant's $269,500 investment as representing a 24.5 percent ownership interest. The company's business license lists appellant as a shareholder. And appellant's bank records show a series of wire transfers from her account to Shanghai Qamples. This declaration and its supporting documents supplement the evidence attached to respondent's first declaration, filed on April 25, 2012. Because respondent's declarations are reply papers supplementing arguments he raised in his original filing, he needed to serve appellant only five days before the hearing. (Code Civ. Proc., § 1005, subd. (b).) Respondent timely served his declaration on appellant six court days before the December 18, 2012 hearing. Accordingly, the trial court did not abuse its discretion by receiving or considering it.

## II

Appellant's second claim is that the trial court abused its discretion by ordering her to pay attorney fees based on her investment in Shanghai Qamples. She claims the court's finding rests on mere speculation that the bank transfers and shareholder documents imply her partial ownership of the company. We disagree.

"The Family Code provides that a court may order one party to pay the attorney fees and costs incurred by the other party." (*In re Marriage of Sorge*, *supra*, 202 Cal.App.4th at p. 661.) In relevant part, section 2030 states the "court shall ensure that each party has access to legal representation . . . to preserve each party's rights by ordering, if necessary . . . one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 2030, subd. (a)(1).) "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).) "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320." (§ 2032, subd. (b).) Although section 4320 lists specific criteria to consider, a court's discretion in ordering payment of attorney fees in divorce proceedings is decidedly broad.[2] "In assessing one party's relative need and the other party's ability to pay, the family court may consider all evidence concerning the parties' current incomes, assets, and abilities, including investment and income-producing properties. Further, in determining whether to award attorney fees to one party, the family court may consider the other party's trial tactics. [Citation.]" (*In re Marriage of Sorge* at p. 662.)

---

[2]　Section 4320 directs courts to consider a list of circumstances, and "[a]ny other factors the court determines are just and equitable." (§ 4320, subd. (n).)

The record shows substantial assets in appellant's name. Her bank records reveal a series of wire transfers from her account to Shanghai Qamples. Between 2007 and 2010, she transferred over $300,000 to the company. A contract describes her 24.5 percent ownership interest, and the company's business license lists her as a shareholder. Appellant's argument that she borrowed the funds from friends to make the investment, or that she functioned as a straw person so that a third party could obtain a tax benefit, are unsupported in the record. Thus, we find substantial evidence to support the trial court's conclusion that she "ha[d] resources available to her." As a result, it did not abuse its discretion in ordering appellant to pay respondent's attorney fees.

### III

Respondent argues we should strike or treat as waived portions of appellant's opening brief for failure to support arguments and factual assertions with citations to authority and to the record. We decline to do so.

The California Rules of Court require parties to "(B) State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority; and [¶] (C) Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (Cal. Rules of Court, rule 8.204(a)(1).) On review, a "court may, on its own or a party's motion, with or without notice: [¶] (A) Order the brief returned for corrections and refiling within a specified time; [¶] (B) Strike the brief with leave to file a new brief within a specified time; or [¶] (C) Disregard the noncompliance." (Cal. Rules of Ct., rule 8.204(e)(2).)

In her opening brief, appellant inconsistently cites the record, and her citations to authority are sparse at best. Where she attempts "to explain why she wire transferred the money to [Shanghai] Qamples and listed herself as a share holder of 1/3 of the company," appellant cites only to her statements in court. Because this same lack of authority and evidence supports the failure of her appeal above, we find it unnecessary to enforce

6

California Rules of the Court, rule 8.204.  Accordingly, we decline to strike appellant's opening brief.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


EPSTEIN, P. J.


We concur:


WILLHITE, J.


MANELLA, J.